IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHASE BROWN, # 134852, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:25-cv-00508 |
| SHERIFF ERIC CRADDOCK, | ) Judge Trauger |
| Respondent. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Chase Brown, who is in pretrial custody at the Sumner County Jail in Gallatin, Tennessee, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1). The respondent has filed a Motion to Dismiss, arguing that the petitioner did not exhaust available state-court remedies before bringing this action. (Doc. Nos. 12, 13). The petitioner has filed a response (Doc. No. 17), and the court has ordered the respondent to file the relevant state-court records (Doc. No. 25 at 3).

On August 7, 2025, the petitioner filed a Motion for Temporary Restraining Order ("TRO Motion") and a Motion for Emergency Hearing on TRO.[1] (Doc. Nos. 27, 28). As explained below, these motions will be denied.

**I. BACKGROUND**

In this action, the petitioner challenges the constitutionality of the state trial court's actions and inaction regarding the setting of bail. (Doc. No. 1 at 6); *see* U.S. Const. amend. VIII ("Excessive bail shall not be required."). Specifically, the petitioner alleges that the state trial court

---

[1] The petitioner also filed a Motion for Temporary Restraining Order on May 19, 2025. (Doc. No. 8). That motion was denied for failure to comply with Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 19). For purposes of this Order, the court uses "TRO Motion" to refer to the August 7 Motion for Temporary Restraining Order.

1

"[s]et[] bail at an unattainable amount" and "refus[es] to have [a] source hearing and refus[es] to rule on or respond to any filings regarding bail." (Doc. No. 1 at 6).

## II. MOTION FOR TRO

### A. The Petitioner's Filings

In his TRO Motion, the petitioner seeks an order directing the respondent to "release [the petitioner] from custody on his own recognizance." (Doc. No. 27 at 2). In his supporting memorandum, the petitioner asserts that his "current bail is set at $480,000 for non-violent property crimes." (Doc. No. 27-2 at 3). In his supporting declaration, he asserts the following:

> [Judge Gay] stated that "unless you come up with the bond money yourself, I am not approving any source, or letting anyone waste money on your bond." Without allowing the hearing to continue, he Denied my motion for a source hearing (not to be confused with denying my source, because he did not deny my source just denied my opportunity to present my source), Ordered my total composite bond be $480,000, and Ordered that in order for me to request another Source Hearing I am required to provide proof that I am not subject to a Federal Supervised release hold. Since it is not possible for me to resolve my federal supervised release hold without being release from Sumner County's custody into US Marshall custody to appear in front of a Federal Judge, I am unable to post bail because Judge Gay will not even allow me a Source Hearing which is required to post my bail. This is the exact definition of Denying me bail. . . ."

(Doc. No. 27-4 at 2).

The petitioner has also submitted one page of an apparently multi-page order from the state court dated July 16, 2024. (Doc. No. 2 at 4).

### B. The Respondent's Filings

The respondent has not responded to the TRO Motion. However, the respondent argues in support of his Motion to Dismiss that the Petition should be dismissed because the petitioner has failed to exhaust available state-court remedies. (Doc. No. 13 at 4−6).

2

## C. Analysis

In determining whether to issue a temporary restraining order or preliminary injunctive order under Federal Rule of Civil Procedure 65, a district court ordinarily weighs the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Wilson v. Williams*, 961 F.3d 829, 836 (6th Cir. 2020). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (quotation marks omitted). "However, where a TRO is sought, although some courts would examine all four factors required for issuance of a preliminary injunction, a focus on the irreparability and immediacy of harm is all that is required." *Creasy v. Frink*, No. 3:22-cv-00033, 2022 WL 981575, at *3 (M.D. Tenn. Mar. 30, 2022) (quotation marks and brackets omitted). "If the plaintiff isn't facing imminent and irreparable injury, there is no need to grant relief now as opposed to at the end of the lawsuit." *Creasy v. Frink*, No. 3:22-cv-00035, 2022 WL 989095, at *2 (M.D. Tenn. Mar. 31, 2022).

Here, the TRO Motion includes substantially similar allegations and seeks the same relief as the Petition: release from pretrial detention. (*Compare* Doc. No. 1 at 6−7, *with* Doc. Nos. 27, 27-2). The petitioner has not alleged that he faces any imminent injury other than continued pretrial detention. But release from custody is the "typical remedy" sought in a habeas corpus petition. *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody."). Preliminary equitable relief—in the form either of a temporary restraining order or preliminary injunction—is "an extraordinary remedy which should be granted only if the movant carries his or her burden of

3

Case 3:25-cv-00508   Document 31   Filed 08/14/25   Page 3 of 4 PageID #: 194

proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The petitioner has not demonstrated that the ordinary remedy for unlawful detention—habeas corpus—is insufficient in this case. Thus, the extraordinary remedy of a temporary restraining order is not warranted.

### III. REQUEST FOR BAIL

Construing the TRO Motion in the light most favorable to the petitioner, the court will also treat the motion as a request for the court to exercise its "inherent authority" and grant the petitioner bail pending resolution of his Petition. *See Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). A "district court may release petitioners on bail if there is a substantial claim of law and the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice." *Id.* Here, the petitioner has not demonstrated any circumstance making the motion for bail exceptional or deserving of special treatment in the interests of justice. Accordingly, the court declines to grant him bail before the Petition is resolved.

### IV. CONCLUSION

This habeas case will proceed on the usual track. The petitioner's TRO Motion (Doc. No. 27) and Motion for Emergency Hearing on TRO (Doc. No. 28) are **DENIED**. To the extent the petitioner separately requests that the court grant bail pending resolution of the Petition, that request is likewise **DENIED**.

The court will resolve the respondent's Motion to Dismiss in due course after the respondent has submitted the state-court record, as previously ordered.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

4

Case 3:25-cv-00508   Document 31   Filed 08/14/25   Page 4 of 4 PageID #: 195